UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANTA D. ABREU,
    Plaintiff

Case No. 6:14-CV-1547-ORL-31KRS

vs.

PENNCRO ASSOCIATES INC.
    a Pennsylvania corporation,

and

JOHN AND JANE DOES I - III
    Defendants
_____/

**COMPLAINT**
**(Jury Trial Demanded)**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer, SANTA D. ABREU (hereinafter referred to as "SANTA ABREU" or "Plaintiff"), for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Defendant PENNCRO ASSOCIATES INC.'s (hereinafter referred to as "PENNCRO") violations of the FDCPA arise from PENNCRO's attempt to collect an account that SANTA ABREU had discharged in bankruptcy by sending her a letter which demanded that she pay PENNCRO monies for an account that she had discharged in bankruptcy. Plaintiff seeks an award of statutory damages in the amount of $ 1,000.00 and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and taxable costs.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 1692k because the conduct complained of occurred in Florida and Plaintiff resides in this District, and the Defendant transacts business here.

## III. PARTIES

4. Plaintiff, SANTA D. ABREU (hereinafter, referred to as "SANTA ABREU" or "Plaintiff"), is a natural person residing in Orange County, Florida. Plaintiff has resided within the Middle District of Florida at all times pertinent.

5. Defendant, PENNCRO ASSOCIATES, INC. (hereinafter, referred to as "PENNCRO" or "Defendant") is a corporation and a citizen of the State of Pennsylvania whose principal place of business is 95 James Way, Suite 113 in Southhampton, PA 18966-3847.

6.. Plaintiff effected valid service of process upon Defendant PENNCRO by properly serving Defendant as required by Pennsylvania law.

7. At all material times herein, the Defendant PENNCRO engaged in its usual and customary business within Florida.

8. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendant PENNCRO but is not presently known to Plaintiff. These defendants Defendants JOHN and JANE DOES 1 - III are hereinafter referred to as DOES I - III. (Defendants PENNCRO and DOES I - III are hereinafter collectively referred to as the

2

"Defendants").

9. All acts of the individual defendants described below were with the authority and knowledge of PENNCRO and were within the scope of the employment and agency of the individual defendants.

10. Defendants PENNCRO and DOES 1 - III are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

11. Defendant PENNCRO uses the instrumentalities of interstate commerce or the mail in its business.

12. Defendant PENNCRO uses telephone communications in its business.

13. Defendant PENNCRO uses the mail in its business.

14. The principal purpose of Defendant PENNCRO's business is the collection of debts.

15. Defendant PENNCRO regularly collects or attempts to collect debts asserted to be owed or due to another.

16. Defendant PRENNCRO is a debt collector subject to the provisions of the Federal Fair Debt Collections Practices Act.

17. All acts of the individual defendants described below were with the authority and knowledge of PENNCRO and were within the scope of the employment and agency of the individual defendants.

18. Plaintiff SANTA ABREU incurred the alleged debt (the "Account") for personal, family or household expenses. At all times material hereto, SANTA ABREU was a

"consumer" as this term is defined under 15 U.S.C. § 1692a(3).

19. At all times material hereto, Fortiva was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

20. At all times material hereto, the Account between Fortiva and SANTA ABREU was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

## IV. FACTS

21. On February 28, 2013, SANTA ABREU filed a voluntary Chapter 7 bankruptcy petition in the Orlando Division of the United States Bankruptcy Court. (Case No. 6:13-bk-02331-KSJ).

22. Plaintiff SANTA ABREU listed the Fortiva account in her bankruptcy.

23. On Jun 4, 2013, the Bankruptcy Court entered an order entitled "Discharge of Debtor" (hereinafter referred to as the "Discharge Order").

24. On June 4, 2013, the Bankruptcy Court entered an order entitled "Order Approving Chapter 7 Account, Discharging Trustee, Canceling Bond and Closing Estate". Plaintiff's case was a "no asset" bankruptcy. A "no asset" bankruptcy is a Chapter 7 case where the Trustee does not recover any monies for distribution to the unsecured creditors. In a "no asset" bankruptcy, debts allegedly owed to general unsecured creditors such as the Account upon which this case arises are discharged regardless of whether the creditor is listed or actually receives notice. See In re Mason, 2007 BR Lexis 1984 (Bankr. N.D. AL; 1984); In re James, 184 B.R. 147 (Bankr. N.D. Ala 1995); In re Mendiola, 99 B.R. 864 (Bankr. N.D. Ill. 1989).

25. The Account was discharged in SANTA ABREU's Chapter 7 bankruptcy.

26. No person, including but not limited to Fortiva, filed an adversary action seeking

4

to determine dischargeability of the Account. Fortiva did not file a reaffirmation agreement with the bankruptcy court. The Account was discharged in Plaintiff's bankruptcy.

27. "Scrubbing" debt portfolios for bankruptcies is inexpensive and is an industry standard to assure compliance with the Fair Debt Collections Practices Act ("FDCPA"). See, e.g., ACA International Statement on the Buying and Collecting of Bankrupt Debt, released November 7, 2007 (available at http://www.acainternational.org/?cid=11398) ("ACA members 'scrub' accounts through nationally known databases to remove any bankruptcy filings.") Bankruptcy case information is available via the internet through Public Access to Court Electronic Records ("PACER") (http://pacer.psc.uscourts.gov/) and through "scrub" services. See, http://www.phinsolutions.com; http://www.banko.com; and http://www.fairisaac.com ("UniScore"). Based upon information and belief, Defendant PENNCRO failed to scrub or adequately scrub the Account.

28. On or about September 26, 2013, Defendant PENNCRO mailed SANTA ABREU a form letter which stated that the "balance due" was $ 1,830.00. Defendant's letter to Plaintiff stated that "The above referenced account has been placed with our office for collecction." and "Please contact us at the number below to make arrangements for payments". (A *redacted* copy of the letter dated September 26, 2013, from PENNCRO to SANTA ABREU is attached as Exhibit "A".)

29. Defendant PENNCRO thereby violated 15 U.S.C. §§ 1692c and 1692e(2)(A) by demanding that SANTA ABREU pay the discharged Account. Randolph v. IMBS, Inc., 368 F.3d 726, 728 - 730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

30. All of Defendant PENNCRO's collection actions at issue in this matter occurred within one year of the date of this Complaint.

31. The statements made by Defendant PENNCRO are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

## COUNT I
## ATTEMPTING TO COLLECT A DISCHARGED ACCOUNT
## FAIR DEBT COLLECTIONS PRACTICES ACT

32. Plaintiff SANTA ABREU repeats and re-alleges and incorporates by reference paragraphs 1 through 31 above.

33. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. § 1692(e) and § 1692(e)(2)(A).

34. Attempting to collect a debt that is not owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

35. Defendant PENNCRO's written statements to SANTA ABREU violated the FDCPA's prohibition against using any false, misleading or deceptive statements in the collection of a consumer debt, in violation of 15 U.S.C. § 1692e and § 1692e(2).

36. Defendant PENNCRO's statements to SANTA ABREU violated the FDCPA, 15

U.S.C. § 1692e prohibiting debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Defendant PENNCRO's statements to SANTA ABREU violated the FDCPA, 15 U.S.C. § 1692e(2)(A) prohibiting debt collectors from falsely representing the character, amount, or legal status of any debt.

38. Defendant PENNCRO's statements to SANTA ABREU violated the FDCPA, 15 U.S.C. § 1692e(10) prohibiting debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. As a result of the above violations of the FDCPA, the Defendants are jointly and severally liable to the Plaintiff SANTA ABREU for (1) statutory damages (in the amount of $ 1,000); and (2) costs and reasonable attorney's fees (pursuant to 15 U.S.C. § 1692k).

**WHEREFORE**, Plaintiff SANTA ABREU respectfully prays that judgment be entered against the Defendants, PENNCRO ASSOCIATES INC. a Pennsylvania corporation and JOHN and JANE DOES I through III, jointly and severally, for the following:

A. Statutory damages (in the amount of $ 1,000.00) pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C. For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

DATED : SEPTEMBER 23, 2014.

*[signature]*

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post   Office   Box   1948
Orlando, FL  32802-1948
Voice :        (407) 648-9050
Assistant / Messages : (407) 403 - 6760
E.C.F.(Only) : depecf@cfl.rr.com
Email :        Petersen221@yahoo.com
F.B.N.         0776238
Lead Trial Counsel (to be noticed) for the Plaintiff,
SANTA D. ABREU


*[signature]*

JAMES T. HARPER
The Advocates Law Team, PPLC
964 Florida Avenue South
Rockledge, FL 32955 - 2113
Voice : (321) 888-2020
Fax :   (321) 400 - 1017
Email :  BankruptcyTram@gmail.com
F.B.N.   143103
Lead Trial Counsel (also to be noticed) for the Plaintiff,
SANTA D. ABREU


**EXHIBIT LIST**

Exhibit "A"     Letter (dated September 26, 2013) from Defendant
                to Santa Abreu (redacted)

**PENNCRO ASSOCIATES, INC.**
*A FINANCIAL SERVICES COMPANY*

PO Box 3003
Phoenixville, PA 19460

Do not send correspondence to this address.

OFFICE HOURS: MON/WED/FRI: 7AM - 4PM CST;
TUE/THU : 12PM – 9PM CST

Sep 26, 2013

687 - 18

Santa Abreu

| STATEMENT OF ACCOUNT | |
|---|---|
| NAME: | Santa Abreu |
| CLAIM #: | |
| CREDITOR: | FORTIVA |
| REGARDING: | FORTIVA LINE OF CREDIT |
| ACCOUNT # ENDING IN: | |
| BALANCE DUE | $1,830.00 |

Dear Santa Abreu:

The above referenced debt has been placed with our office for collection.

Please contact us at the number below to make arrangements for payment.

Any payments made on this account should be made payable to FORTIVA and mailed to our office in the return envelope provided.

Sincerely,
Penncro Associates
866-827-2906

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if one exists, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

------------------ Please detach here and enclose bottom portion with your payment ------------------

| STATEMENT OF ACCOUNT | |
|---|---|
| NAME: | Santa Abreu |
| CLAIM #: | |
| CREDITOR: | FORTIVA |
| REGARDING: | FORTIVA LINE OF CREDIT |
| ACCOUNT # ENDING IN: | |
| FOR QUESTIONS CALL: | 866-827-2906 |
| BALANCE DUE | $1,830.00 |

AMOUNT ENCLOSED: $_____

Mail all other correspondence to:
95 James Way, Suite 113
Southampton, PA 18966-3847

Mail payment to:
Fortiva
P.O. Box 105555
Atlanta, Ga 30348

☐ Please check here if your address or phone number has changed.
  Please indicate changes below.

NAME _____
ADDRESS _____
CITY / STATE / ZIP _____
PHONE _____

9

687-2300-18